It is axiomatic that the burden to demonstrate that the ordinance is unconstitutional as applied rests on the challenger to the ordinance. As the challengers, the Yajniks, therefore, must prove beyond a reasonable doubt that A.C.O. 150.40 does not bear a real and substantial relation to the public health, safety, morals, or public welfare and that it is unreasonable or arbitrary. Because the underlying conviction which led to the mandatory inspections is not a part of the record, the Yajniks cannot possibly meet that burden.
Violations of Akron's Environmental Health Housing Code range from a failure to register rental properties (A.C.O. 150.30), and general maintenance violations (A.C.O. 150.10), to such substantive violations as failure to provide heat or electricity (A.C.O. 150.09(D) (E)), discontinuation of utilities (A.C.O. 150.21), and failure to provide smoke detectors and fire extinguishers in multiple dwellings (A.C.O.150.08(I) (J)). Without the record of the nature of the underlying violation, the Yajniks cannot demonstrate that mandatory inspections do not bear any real or substantial relation to public health, nor can they demonstrate the ordinance is unreasonable or arbitrary.
I would reverse the judgment.